NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50373 |
| Plaintiff-Appellant, | D.C. No.<br>2:15-cr-00465-TJH-1 |
| v. | |
| SHAHRIYAR BOLANDIAN; KEVAN SADIGH, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted May 17, 2019
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and BAYLSON,[**] District Judge.

The United States retained Michael G. Mayer ("Mayer") as a securities

expert to analyze the trading patterns of Defendants Shahriyar Bolandian and

Kevan Sadigh in this insider trading action. The government appeals the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

court's order granting Defendants' motion in limine and excluding two opinions in Mayer's expert report on the ground that Mayer was not qualified under Federal Rule of Evidence 702. We reverse and remand.

The parties agree that Mayer is qualified to testify to the factual background in his report, which explains options trading and call options and provides a factual summary of Defendants' transactions based on his review of trade blotters and other records of Defendants' accounts. At issue are two opinions in the report: Opinion 5.3 ("Opinion 3") and Opinion 5.5 ("Opinion 5").

Opinion 3 is titled: "There are various ways in which a trader can profit by trading with acquisition-related MNPI [(material non-public information)]." At oral argument, the government contended that provisions of Opinion 3 that address the "probability" or "likelihood" that MNPI would influence a trader's securities choices are properly excludable.[1] However, Opinion 3 includes descriptions of other topics that reflect objective facts about options trading and call options and do not contain Mayer's opinion on subjective topics, such as rationale or intent.

Opinion 5 concludes that Defendants' trades "appear consistent with what a trader would do if they were trying to take advantage of MNPI" and includes 14 sub-opinions. The government is explicitly not appealing the district court's

---

[1] This language falls within sections 5.3.1.1 ("Option Leverage and Expected Profit Associated with the Securities Choices") and 5.3.1.2 ("Factors that Influence the Level of Profit") of Opinion 3.

17-50373

exclusion of the overall conclusion in Opinion 5. Nor is the government appealing the exclusion of all sub-opinions in Opinion 5. Rather, the government only appeals the exclusion of sub-opinions 1–4, 6–8, and 10–13, and the government notes that it only plans to use sub-opinions 6, 7, 10, and 11 to rebut defense claims if raised.

The district court excluded Opinions 3 and 5 in their entirety in a one-sentence order granting Defendants' motion in limine. The district court's order stated, "Although the opinions are relevant, the Court finds, pursuant to Fed. R. Evid. 702, that Michael Mayer is not qualified to render the opinions that are the subject of this motion."

We have jurisdiction over the government's interlocutory appeal pursuant to 18 U.S.C. § 3731 because the government submitted a timely certification signed by the Acting United States Attorney, who had authority to properly certify the appeal. *Cf. United States v. Weyhrauch*, 548 F.3d 1237, 1241–42 (9th Cir. 2008), (holding that the Attorney General can properly certify an appeal in the absence of a United States Attorney or acting United States Attorney overseeing a prosecution), *vacated and remanded on other grounds*, 561 U.S. 476 (2010) (per curiam).

We review the district court's exclusion of Opinions 3 and 5 under Rule 702 for abuse of discretion. *See United States v. Wells*, 879 F.3d 900, 914 (9th Cir.

2018). We conclude that the district court abused its discretion by granting Defendants' motion in limine. The district court did not give any reasons for how it applied Rule 702 to conclude that Opinions 3 and 5 were relevant, but that Mayer was not qualified. This conclusion is not supported by the record, and Defendants did not dispute Mayer's qualifications as an expert to testify about factual information, such as options trading, call options, and Defendants' trading records. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1069 (9th Cir. 2017) (holding that "[the district court's] failure to make any findings regarding the efficacy of [the] expert opinions constituted an abdication of the district court's gatekeeping role, and necessarily an abuse of discretion").

To the extent that the provisions of Opinion 3 at issue and sub-opinions 1–4, 6–8, and 10–13 of Opinion 5 consist of such factual testimony, they are admissible. We assume that on remand, the district court will conduct a Rule 403 balancing analysis and exercise reasoned discretion to determine the scope of admissible testimony under Rule 702. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1016 (9th Cir. 2018) ("The district court has discretion [under Rule 403] to exclude evidence when its probative value is substantially outweighed by the danger of misleading the jury or confusing the issues. This is especially true with respect to expert witnesses.") (citation omitted); *see also Murray v. S. Route Mar. SA*, 870 F.3d 915, 923 (9th Cir. 2017) ("Because of the fluid and contextual nature

17-50373

of the [reliability] inquiry, district courts are vested with 'broad latitude' to 'decid[e] *how* to test an expert's reliability' and '*whether or not* [an] expert's [relevant] testimony is reliable.'" (alterations and emphases in original) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152–53 (1999))). As we have noted above, the district court has already stated that the Opinions are relevant. If the district court excludes any evidence, it should articulate its reasons.[2]

**REVERSED AND REMANDED.**

---

[2] In a supplemental letter, the government contends that the record is sufficient for us to hold that the challenged sections of Opinion 3 and sub-opinions 1–4, 6–8, and 10–13 of Opinion 5 are admissible. The government relies on *United States v. Ruvalcaba-Garcia*, --- F.3d ----, 2019 WL 2063373 (9th Cir. May 10, 2019) (per curiam). In that case, this court held that the district court abused its discretion when admitting an expert's testimony at trial, but this court affirmed the defendant's conviction because the record demonstrated that the testimony was admissible, and therefore, the district court committed harmless error. *Id.* at *5–6. That case does not stand for the proposition, as the government suggests, that we may take the place of the district court and independently determine which of the provisions at issue in Opinions 3 and 5 are admissible.

17-50373